# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNTED STATES OF AMERICA,<br><br>        Plaintiff,<br>   v.<br>HENRI WETSELAAR, et al.,<br><br>        Defendants. | Case No. 2:11-cr-00347-KJD-CWH<br><br>**ORDER** |

Presently before the Court is Defendant Jason C. Smith's Motion for Judgment of Acquittal Pursuant to Rule 29 (#470). The Government filed a response (#479) to which Defendant replied (#481).

I. Background

Jason C. Smith ("Defendant"), along with co-defendants Dr. Henri Wetselaar and David Litwin, was charged in Count One of the Indictment with one count of Conspiracy to Distribute a Controlled Substance (Schedule II) in violation of 21 U.S.C. §§ 841(a) and 846. Wetselaar was also charged with thirteen other related counts, and Litwin was charged with an additional eleven counts. On January 9, 2017, all three defendants were tried together in a single jury trial.

On March 1, 2017, Defendant moved for a directed verdict pursuant to Federal Rule of Criminal Procedure 29(a). The Court reserved decision on the motion pursuant to Rule 29(b). On March 23, 2016, with regard to Count One of the Indictment, the jury returned a verdict of "Undecided" for Defendant. The jury found both Wetselaar and Litwin guilty of Count One. On April 6, 2017, Defendant filed the present motion, timely renewing his previous motion under Rule 29(a).

II. Legal Standard

Under Federal Rule of Criminal Procedure 29(c)(1), "If the jury has failed to return a verdict, the court may enter a judgment of acquittal." "A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed. R. Crim. P. 29(c)(1). A judgment of acquittal is inappropriate when "viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt." U.S. v. Ching Tang Lo, 447 F.3d 1212, 1221 (9th Cir. 2006) (internal quotation omitted).

"Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty." Ninth Circuit Model Jury Instruction No. 3.5. "A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence." Id. When evaluating the sufficiency of the evidence to support the conviction, "a reviewing court must presume— even if it does not affirmatively appear in the record— that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." U.S. v. Nevils, 598 F.3d 1158, 1164 (9th Cir. 2010) (internal quotation omitted).

//

III. Analysis

After hearing the presentation of evidence and viewing it in the light most favorable to the Government, the Court finds a rational trier of fact could not find Defendant guilty beyond a reasonable doubt. The evidence the Government presented during its case-in-chief was insufficient to meet that burden.

*A. Conspiracy*

Defendant is charged with Conspiracy to Distribute a Controlled Substance (Schedule II) in violation of 21 U.S.C. §§ 841(a) and 846. A conspiracy is an agreement of two or more persons to commit one or more crimes, here the crime being distribution of a controlled substance. A conspiracy need not be a formal agreement, but there must be a plan wherein all alleged conspirators agree to commit the underlying crime. Importantly, participation in the conspiracy must be conscious—"[k]nowledge of the objective of the conspiracy is an essential element of any conspiracy conviction." U.S. v. Krasovich, 819 F.2d 253, 255 (9th Cir. 1987).

As the Court instructed the jury, for Defendant to be found guilty of conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a) and 846, the Government had to prove each of the following elements beyond a reasonable doubt:

> First, beginning on a date unknown and continuing to in or about August 2010, there was an agreement between two or more people to distribute Oxycodone, a Schedule II controlled substance; Second, the defendant knew the agreement had an unlawful object or purpose; and Third, the defendant joined in the agreement with the intent to further its unlawful object or purpose.

Jury Instructions, #604 at 58.

Once the Government establishes there is a conspiracy, it need only prove Defendant had a "slight connection" to that conspiracy. U.S. v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir. 2001). However, "the term 'slight connection' in this context does not mean that the

3

government's burden of proving a connection is slight. Innocent association, even if it is knowing, does not amount to a 'slight connection.'" Id. "It is not a crime to be acquainted with criminals or to be physically present when they are committing crimes. Imprudent, certainly, because of the legal risk of being mistaken for a co-conspirator, but not criminal." U.S. v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir. 2001).

*B. Government Failed to Prove Defendant Knew Wetselaar and Litwin Were Illegally Distributing a Controlled Substance*

The Government failed to prove Defendant knew of the conspiracy's illegal end. While a defendant need not have full knowledge of all the details to be a participating member of a conspiracy, knowledge of the illegal objective is key. "Conspiracy to commit a particular substantive offense cannot exist without at least the degree of criminal intent necessary for the substantive offense itself." Ingram v. U.S., 360 U.S. 672, 678 (1959) (internal quotations omitted). Even evidence that Defendant might have wanted to support the objective of the conspiracy had he known about it, does not equate to evidence that he did know about it. See Ingram v. U.S., 360 U.S. 672, 680 (1959).

The Government argues that Defendant forsook his duty as a licensed pharmacist subject to 21 C.F.R. § 1306.04 to ensure proper prescribing and dispensing of medication only for legitimate medical purposes. As stated in the jury instructions, "A pharmacist who deliberately ignores a questionable prescription, when there is reason to believe it was not issued for a legitimate medical purpose, may be guilty of knowingly and intentionally distributing a controlled substance." Jury Instructions, #604 at 60. The Government argues that this duty, coupled with evidence put forth at trial amounts to Defendant having knowledge of the conspiracy's illegal purpose.

However, the Government fails to show how Defendant deliberately acted in a manner irreconcilable with his duty.[1] The Government states Defendant should have been more curious about Wetselaar and Litwin's behavior. It claims Defendant failed to properly vet Wetselaar, failed to question peculiar behaviors, and failed to realize Wetselaar's habits were troubling. Defendant was a supervisor, and the "boss" of his pharmacy, and he "should have known" what was going on.

Defendant acting in a way that did not hinder the conspiracy does not equate to him having knowledge that he was doing so. His failure to be inquisitive in the face of what he is now aware of was illegal behavior, coupled with an affirmative duty to uphold appropriate prescribing practices, can be construed as suspect. However, the evidence of inaction in this case is not enough to meet the Government's burden of proof beyond a reasonable doubt. As the Government states in its reply, "one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator." #479, at 4. The evidence taken in the light most favorable to the Government does little more than put Defendant on the periphery of suspicion.

*C. Government Failed to Prove Defendant Joined the Conspiracy Intending to Aid in the Illegal Distribution of a Controlled Substance*

The Government also failed to prove beyond a reasonable doubt that Defendant intentionally participated in the existing conspiracy with the objective of accomplishing its unlawful purpose. Its theory of the evidence is that incentive to conspire existed, Defendant was willfully blind to the illegal activity taking place, and that such complacency coupled with

---

[1] To the contrary, during the Government's case-in-chief, witnesses testified concerning measures implemented by Defendant for the purpose of preventing illegal distribution.

potential motive amounts to knowing and intentional participation in the conspiracy. This, too, stretches the evidence beyond its elasticity.

The Government's first claim in support of its theory of the evidence is that Defendant "had a financial motivation to continue to fill the prescriptions, knowing that— or at least turning a blind eye to the less than stellar clientele that was coming in to do it." #595, at 11. The Government states, "There's been no evidence that Jason Smith took any affirmative acts to end the relationship" with any of the people proven to be involved in the illegal activity at issue. It argues Defendant "continued to let criminal activity that was going on inside the Lam's Pharmacy and outside in the parking lot of Lam's Pharmacy to continue." #595, at 12. However, "[w]hen there is an innocent explanation for a defendant's conduct as well as one that suggests that the defendant was engaged in wrongdoing, the government must produce evidence that would allow a rational jury to conclude beyond a reasonable doubt that the later explanation is the correct one." U.S. v. Vasquez-Chan, 978 F.2d 546, 549 (9th Cir. 1992).

The Government fails to offer up such proof, and arguably highlights the rational, innocent explanation for Defendant's conduct— that Defendant believed Wetselaar and Litwin to be engaging in legitimate medical practice. In its response to Defendant's Rule 29 Motion at trial, the Government stated "there was evidence that [Defendant] met with Carolyn Allen, and went to her home, and saw what was going on there, and I guess believed that was a legitimate practice and continued to do business with her." #595, at 11. Further, the Government acknowledges that Defendant cut back the number of Allen's clients who could fill at the pharmacy after this meeting. The Government implies that because Defendant never eliminated Allen as a customer entirely, he must have known what was going on and been in on it. But, this conclusion requires a rational trier of fact to illogically convert Defendant's failure to do more to

stop the conspiracy into affirmative criminal intent to actively participate.

The Government is asking the rational trier of fact to bridge a gap that the evidence cannot. What the evidence taken in the light most favorable to the Government shows is that Defendant could have been more suspicious of his colleague's behavior; it does not show beyond a reasonable doubt that a co-conspirator relationship between Defendant and either Wetselaar or Litwin existed, nor a knowing or intentional engagement in their illegal scheme. The jury was unable to reach a verdict,[2] and as such it is within the authority of this Court to acquit Defendant of all pending charges.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Judgment of Acquittal (#470) is **GRANTED**.

Dated this 21st day of May, 2018.

                                                  Kent J. Dawson
                                                  United States District Judge

---

[2] A possible explanation for the failure of the jury to issue an outright judgment of acquittal was the "spill-over affect" of the joint defense agreement. Counsel for Litwin cast a negative shadow on Defendant by repeatedly initiating conferences with Defendant's counsel in the presence of the jury during the examination of witnesses.